Dear Ms. George:
This opinion is in response to your request regarding whether the Phelps County Sheriff's Department may charge a $15-$20 booking fee to inmates booked into the Phelps County Sheriff's Department.
Local governments and public corporations "have no inherent powers but are confined to those expressly delegated by the sovereign and to those powers necessarily implied in the authority to carry out the delegated powers." Christian County v. Edward D. Jones andCo., L.P., 200 S.W.3d 524, 527 (Mo. banc 2006), quoting PremiumStandard Farms, Inc. v. Lincoln Township of Putnam County,946 S.W.2d 234, 238 (Mo. banc 1997). Counties and public corporations "may only exercise powers (1) granted to them in express words by the state, (2) those necessarily and fairly implied in or incident to those powers expressly granted, and (3) those essential and indispensable to the declared objectives and purposes of the county." Borron v. Farrenkopf,5 S.W.3d 618, 620-21 (Mo. App. W.D. 1999); Premium Standard Farms,Inc. v. Lincoln Township of Putnam County, 946 S.W.2d at 238. If the local governmental body acts beyond its authority, its acts are void. Borron v. Farrenkopf, 5 S.W.3d at 620.
Under these cases, the county sheriff's office has no power to charge a booking fee unless a statute specifically authorizes the charge, or there is a statute that necessarily implies that this power exists, or the power is indispensable to carrying out the purposes of the county. *Page 2 
The first question is whether any statute specifically authorizes the sheriff's office to charge a booking fee.[1] Various statutes expressly grant county sheriffs power to charge numerous fees in numerous situations.See, e.g., § 57.290, § 141.960, § 246.020, § 246.030, and § 272.300. But no statute expressly grants county sheriffs authority to charge a booking fee.
The request refers to § 488.5334, RSMo 2000. However, this statute only allows a court to charge a booking fee, not a sheriff.Id. Also, the fee can only be imposed after a plea or finding of guilt, not upon being booked into jail. Id. And, the fee can only be imposed for specific offenses. Id. Therefore, this statute does not give a county sheriff authority to charge a booking fee. See Attorney General Opinion 77-1981 (without specific statutory authority, sheriff could not require fee deposit before serving process).
Another statute, § 221.070, RSMo Cum. Supp. 2004, also seems germane at first. This statute provides as follows:
 Every person who shall be committed to the common jail within any county in this state, by lawful authority, for any offense or misdemeanor, upon a plea of guilty or a finding of guilt for such offense, shall bear the expense of carrying him or her to said jail, and also his or her support while in jail, before he or she shall be discharged; and the property of such person shall be subjected to the payment of such expenses, and shall be bound therefor, from the time of his commitment, and may be levied on and sold, from time to time, under the order of the court having criminal jurisdiction in the county, to satisfy such expenses.
Id. This section does allow the recovery of costs of confinement when a person is committed to jail. Id. However, the commitment referred to here is only after a guilty plea or finding of guilt, and the person's property may only be "bound" at or after the person is so committed. Id. Therefore, this section does not authorize a county sheriff to charge a fee upon a person's being booked, before any plea or finding of guilt has been entered. *Page 3 
In sum, there is no statutory authority for a county sheriff to charge a fee when a person is booked into jail.
The next question is whether the power to charge a booking fee is necessary or indispensable to the power to run the sheriff's office and jail. Premium Standard Farms, Inc. v. Lincoln Township ofPutnam County, 946 S.W.2d at 238. County taxes may be used to pay for law enforcement expenses. See, e.g., § 67.584. The costs of incarcerating prisoners in county jails are calculated by the county governing board. Section 221.105. If the jail needs more supplies to operate, the sheriff can provide those and the county commission pays for it. Section 221.080.[2] Because there are other sources of funding to provide for the operation of the jail, the jail will not cease to operate if the sheriff cannot charge a booking fee. Therefore, the power to charge a booking fee is not necessary or indispensable to the power to run the jail.
 CONCLUSION
A county sheriff's office may not charge a booking fee unless the power to do so has been expressly or impliedly granted. There is no express statutory authority for the sheriff to charge a booking fee. And, this power is not necessary or indispensable to the power to run the jail. Therefore, the county sheriff may not charge a booking fee before a person has entered a guilty plea or had an adjudication of guilt.
Very truly yours,
CHRIS KOSTER Attorney General
[1] If a booking fee were authorized, it would not be paid to the sheriff, but would be paid to the county's general revenue fund. Mo. Const. Art. VI, § 13; Attorney General Opinion No. 74-1955.
[2] The county sheriff in certain counties makes quarterly reports to the county regarding the status of the jail, and makes recommendations relating to the operation of the jail. Section 57.102, Section 57.407.